IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Howard, | C/A No.: 1:25-13436-CMC-SVH |
| Plaintiff, | |
| v. | |
| Sheriff Chad McBride, | REPORT AND RECOMMENDATION |
| Defendant. | |

Willie Howard ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint against Sheriff Chad McBride ("Defendant") regarding the conditions of confinement at Anderson County Detention Center ("ACDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.  Factual Background

Plaintiff alleges DHEC is aware of "severe overcrowding, fire hazards, vermin infestation, and the gross conditions" at ACDC, but has subjected the county to fines instead of requiring the conditions be remedied. [ECF No. 1 at 1]. Plaintiff claims he has been subjected to the overcrowding since October 2024 and has been forced to sleep on a floor mattress for months because no

bunk was available. He states he has been awoken several times by roaches and spiders crawling on his face. *Id.*

Plaintiff also alleges he is asthmatic and has had multiple attacks "due to the inhalation of black mold, dirty filters, and roaches." *Id.* He further claims there is no bleach to combat the mold and the trustees never clean the floors. He states there are 70 or more inmates, but only three showers that are never properly cleaned. *Id.* at 2. Plaintiff requests $100,000 in damages for pain and suffering, as well as injunctive relief.

On December 2, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until December 22, 2025, to file an amended complaint. [ECF Nos. 6, 7]. Plaintiff has filed no responses.

II.   Discussion

    A.   Standard of Review

Pursuant to 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can

be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a

claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

  B. Analysis

    1. Failure to State a § 1983 Claim Against Defendant

To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). A plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution or federal law. *Iqbal*, 556 U.S. at 676; *see also Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'").

Plaintiff makes no specific allegations as to Defendant. The Supreme Court has explained that "[b]ecause vicarious liability is inapplicable in . . . 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Slakan v. Porter*, 737 F.3d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Although Plaintiff alludes to general conditions in ACDC, he does not specifically allege Defendant was aware of and failed to address conditions that were likely to cause him serious injury. Because Plaintiff has made no specific allegations as to Defendant, his complaint is subject to dismissal.

    2. Failure to State Claim for Violations of Eighth and Fourteenth Amendments

Claims brought by pretrial detainees regarding conditions of confinement are evaluated under the due process clause of the Fourteenth Amendment, as opposed to the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Nevertheless, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under

the Eighth Amendment." *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Wiliams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). Although pretrial detainees "may not be subjected to punishment of any description," "not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (citing *City of Revere*, 463 U.S. at 244; Bell, 441 U.S. 535–37 and n.16). "The Constitution . . . does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "If a prisoner has not suffered serious or significant physical or mental injury as result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler*, 989 F.2d at 1381. Here, Plaintiff's only alleged injuries are alleged asthma attacks, although he provides no details regarding any single attack. Courts have

similarly found that such limited allegations are not sufficiently severe to support Eighth Amendment violations. *See, e.g., Sledge v. Kooi,* 564 F.3d 105 (2d Cir.2009) (allergies and asthma did not constitute a "serious medical need" on which to premise an Eighth Amendment claim of deliberate indifference).

In light of the foregoing, this court cannot reasonably find Plaintiff's allegations of injury due to conditions within ACDC are sufficiently serious to state a claim for violations of the Eighth and Fourteenth Amendments. Therefore, the undersigned recommends this matter be summarily dismissed.

III.  Conclusion

For the foregoing reasons, the undersigned recommends this matter be summarily dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

December 31, 2025                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).